IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES PRITCHARD,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:13-CV-027

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not disabled and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Specific Errors (doc. 8), the Commissioner's Memorandum in Opposition (doc. 13), Plaintiff's Reply (doc. 14), the administrative record (doc. 6), and the record as a whole.[2]

**I.**

Plaintiff filed for SSI in February 2010, alleging a disability onset date of February 1, 2001. PageID 232. Plaintiff subsequently amended his disability onset date to June 16, 2006. PageID 73. Plaintiff claimed he is disabled due to a number of mental impairments including, *inter alia*, bipolar disorder. PageID 232.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

After initial denials of his application, Plaintiff received a hearing before ALJ Mary F. Withum. PageID 96-136. ALJ Withum issued a written decision on August 15, 2012 finding Plaintiff not disabled. PageID 73-90. Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since February 11, 2010, the application date (20 C.F.R. § 416.971 *et seq.*);

2. The claimant has the following severe impairments: Major Depressive Disorder (MDD)/Bipolar disorder; Personality disorder; and Polysubstance abuse (20 C.F.R. § 416.920(c));

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926);

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity [("RFC")][3] to perform a full range of work at all exertional levels but with the following non-exertional imitations: He can never climb ladders, ropes or scaffolds. He should avoid all exposure to unprotected heights. Finally, the claimant is limited to 1- or 2-step tasks in an environment free of fast-paced production requirements with only occasional contact/interaction with supervisors, co-workers and the public; [4]

5. The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965);

6. The claimant was . . . 40 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 C.F.R. § 416.963);

---

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number. Additionally, Plaintiff's pertinent medical records have been adequately summarized in his Statement of Errors and the administrative decision, *see* doc. 8 at PageID 594-610; PageID 73-89, and the Court will not repeat them here. Where applicable, the Court will identify the medical evidence relevant to its decision.

[3] A claimant's RFC is the most physical exertion a claimant can perform in the workplace despite his or her impairments and any related symptoms, such as pain. 20 C.F.R. § 416.945(a). The assessment is based on all relevant evidence in the record and the claimant's ability to meet the physical, mental, sensory, and other requirements for work as described in 20 C.F.R. §§ 416.945(b), (c), and (d).

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. In this case, the ALJ found, as noted, that Plaintiff can perform a limited range of work at all exertional levels.

    7.       The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 416.964);

    8.       Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules [("the Grid")] as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 40, Subpart P, Appendix 2);

    9.       Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)); [and]

    10.      The claimant has not been under a disability, as defined in the Social Security Act, since February 11, 2010, the date the application was filed (20 C.F.R. § 416.920(g)).

PageID 73-90 (brackets and footnotes added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 61; *see Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 435 (6th Cir. 2007).

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When

substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for SSI, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1383(c)(3). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?

    3.     Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

    4.     Considering the claimant's RFC, can he or she perform his or her past relevant work?

    5.     Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy that the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997). During the first four steps of the five-step sequential analysis, the claimant has the burden of proof. 20 C.F.R. § 416.920. Should the claimant meet all requirements of the previous steps, at Step 5 the burden shifts to the Commissioner to establish that the claimant retains the RFC to perform other substantial gainful activity existing in the national economy. *Key*, 109 F.3d at 274.

## III.

Having carefully reviewed the 500-plus page administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably reviewed the record, appropriately considered the medical evidence at issue (and applied the 'good reasons' rule with respect to the medical evidence by Plaintiff's treaters). The ALJ asked appropriate hypothetical questions of the VE, and -- acting in reasonable reliance upon the VE's responsive testimony -- satisfied the shifting burden and reasonably found, at Step 5, that Plaintiff is not disabled. That analysis is, without question, supported by substantial evidence. Plaintiff, believing to the contrary, argues

that the ALJ failed to give sufficient weight to his treating psychiatrist at Eastway Behavioral HealthCare ("Eastway"),[5] and improperly assessed the other psychological evidence of record. PageID 594. For the reasons that follow, the Court disagrees.

### A. The ALJ Properly Applied the Treating Physician Rule

In assessing the medical evidence supporting a claim for disability benefits, the ALJ must adhere to certain standards. Under the "treating physician rule," the ALJ is required to "generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Nevertheless, a treating physician's statement -- that a claimant is disabled -- is not determinative of the ultimate issue of disability. *Landsaw v. Sec'y of H.H.S.*, 803 F.2d 211, 213 (6th Cir. 1986). A treating physician's opinion is to be given controlling weight only if it is well supported by medically acceptable clinical and laboratory techniques, is not inconsistent with the other evidence of record, and is supported by the factors listed in 20 C.F.R. § 416.927(d)(2). These factors include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the overall record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004); 20 C.F.R. § 416.927(d)(2).

Plaintiff received psychiatric care at Eastway during the alleged disability period; the record contains treatment records from January 2007 through February 2012. *See* PageID 355-90, 413-19, 506-18, 540-88. During this time, Plaintiff's treating psychiatrist completed a

---

[5] The ALJ's decision and Plaintiff's Statement of Errors refer to Plaintiff's "treating specialist" or "treating psychiatrist." *See* PageID 85, 601. The disability opinion in question has a signature at the bottom, but this signature is illegible. *See* PageID 516. It appears that both the ALJ and Plaintiff's counsel were unable to decipher the name of this psychiatrist. As such, the Court will hereafter refer to Plaintiff's "treating psychiatrist" when referring to this opinion. PageID 515-16.

Mental Functional Capacity Assessment in January 2008.  PageID 515-16.  The psychiatrist reported that Plaintiff was "markedly limited" in many areas including, *inter alia*, his ability to understand, remember, and carry out detailed instructions; and his ability to maintain attention and concentration for extended periods.  PageID 515.  The treating psychiatrist further noted that Plaintiff was moderately limited in ten other categories, such as his ability to make work-related decisions.  *Id.*  This doctor also checked a box on the form indicating that Plaintiff was unemployable for a period of twelve months or more.  PageID 516.  When asked that he offer "observations and/or medical evidence [that led] to your findings," the doctor gave no additional reasoning for these limitations.  *Id.*

The ALJ did not give controlling weight to the opinion of Plaintiff's treating psychiatrist.  PageID 85.  The ALJ found this opinion "not well supported by the medical evidence" and "not consistent with the other substantial evidence of record."  *Id.*  She declined to afford controlling or deferential weight to the psychiatrist's ultimate conclusion that Plaintiff is "disabled" based on the following rationale:

> I have considered the length of treatment relationship and frequency of examinations, the nature and extent of the treatment relationship, specialization, supportability[,] and consistency with the evidence of record . . . . However, the doctor's opinion is rejected because there is persuasive contradictory evidence, specifically the doctor's own treatment records do not contain objective medical evidence that would support the doctor's opinion that the claimant is markedly limited in understanding and sustained concentration and persistence.  The Mental Status Examinations from [Eastway] are relatively unremarkable except for occasional depressed and anxious mood . . . .  The claimant's intellectual abilities were assessed as in the average range of intelligence . . . .  In addition, I find the Eastway psychiatrist opinion is not supported by the substantial evidence including the consultative psychological examination[,] which indicated the claimant was only moderately impaired in his ability to understand, remember, and carry out short, simple instructions as demonstrated by his ability to follow simple instruction during the clinical interview and mental status exam . . . .

*Id.* Given the above reasons, the ALJ found this doctor's opinion should be "rendered less persuasive and given little weight." *Id.*

In the Court's view, the ALJ articulated good reasons that were supported by substantial evidence for declining to adopt the disability finding of Plaintiff's treating psychiatrist. The ALJ found the treating psychiatrist's opinion was not consistent with the consultative psychological exam performed by Jerry Flexman, Ph.D., who indicated that Plaintiff was only moderately limited in his ability to understand, remember, and follow simple instructions. PageID 390-94. Additionally, the ALJ noted that the treating psychiatrist's own treatment records did not contain objective medical evidence in support of Plaintiff's supposed marked limitations in understanding, sustained concentration, and persistence. For example, the psychiatrist's September 2008 treatment notes indicated that Plaintiff is able to "keep focused," and his thought process was "logical" and "goal oriented." PageID 368. Moreover, the treating psychiatrist gave no supporting information for the limitations he observed when asked to do so in the RFC assessment. PageID 416. As such, the ALJ properly considered the opinion's supportability and consistency, among other factors, in declining to give the doctor's opinion significant weight. 20 C.F.R. § 416.927(d)(3).

### B. The ALJ Properly Considered the Other Psychological Evidence of Record

Contrary to Plaintiff's contention, the ALJ appropriately considered the evidence of Plaintiff's psychological impairments and clearly articulated how she arrived at her mental RFC finding. PageID 77-87. The ALJ limited Plaintiff to "1- or 2-step tasks in an environment free of fast-paced production requirements with only occasional contact [with others]." PageID 77. In making this finding, the ALJ conducted a detailed and thorough analysis of the four applicable functional areas (known as the "paragraph B" criteria: activities of daily living; social

functioning; concentration, persistence, or pace; and episodes of decompensation), and found that Plaintiff did not exhibit marked difficulties in at least two of these areas. PageID 76; 20 C.F.R. § 416.920a. The ALJ reasonably found Plaintiff's allegations to be inconsistent with the treatment notes indicating that he received only conservative pharmacological management once every three months, and had never received psychotherapy for his mental impairments. *See* PageID 355-89, 506-17, 549-63, 584-88. Moreover, the ALJ placed much emphasis on Plaintiff's own testimony: that he is self-sufficient in personal care; uses public transportation; enjoys spending time with his family; and is able to concentrate on tasks, such as playing computer and video games. PageID 76-77. The ALJ also appropriately considered that Plaintiff had experienced "no episodes of decompensation, which have been of extended duration."[6] PageID 77.

The ALJ also properly explained the weight she gave to the various medical opinions of record in formulating Plaintiff's RFC, including Plaintiff's treating psychiatrist (discussed above) and consultative examiner, Dr. Flexman. PageID 85-86. The ALJ gave Dr. Flexman's opinion "some weight," but found that Dr. Flexman relied heavily on Plaintiff's subjective claims -- for example, that he is unable to get along with others. PageID 83; *see Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876-77 (6th Cir. 2007) (finding that an ALJ properly discounted a doctor's opinion that was based primarily on the claimant's subjective complaints). The ALJ also properly considered the opinions of the State agency psychologists, who examined Plaintiff's record and made an RFC assessment. PageID 395-412. The ALJ reasonably gave these opinions significant weight because they were consistent with the medical evidence of

---

[6] When Plaintiff was admitted to the hospital for suicidal ideation, the doctor in charge of his care noted that his "initial presenting symptoms of depression . . . seem to be incongruent with his symptoms while on the Psychiatric Unit." PageID 503-04. This doctor expressed concern that Plaintiff's stay in the hospital was "to further some type of secondary gain to help with his economic situation." PageID 504.

record and the severity of Plaintiff's alleged symptoms and psychological impairments. PageID 86.

Finally, there was no error in the ALJ's credibility analysis. It is the ALJ's function, and not the reviewing court's, to evaluate the credibility of the claimant. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Accordingly, an ALJ's credibility findings are entitled to considerable deference and should not be lightly discarded. *Casey*, 987 F.2d at 1234. The Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [a claimant] are reasonable and supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Based upon Plaintiff's testimony during the hearing -- that he cares for his pet dog, is able to prepare meals and do household tasks, has a girlfriend and maintains a relationship with his family members -- as well as the ALJ's observation that Plaintiff was "able to participate in the hearing closely, fully, and without being distracted," the ALJ's determination that Plaintiff's allegations were "less than credible" is reasonable and supported by substantial evidence. *See* PageID 79-83; 20 C.F.R. § 416.929(c)(3)(i); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (noting that an ALJ may consider "household and social activities engaged in by the claimant" in evaluating a claimant's credibility). Moreover, the ALJ observed, and the record indicates, that Plaintiff had "consciously attempted to portray limitations that are not actually present in order to increase the chance of obtaining benefits." PageID 82. This included telling hospital staff upon admittance for suicidal ideation in 2007, "I don't care if that Dr. Chu keeps me here . . . [i]t will look better for me when I apply for [S]ocial [S]ecurity." PageID 84, 503. Additionally, the record reveals that Plaintiff received just minimal, routine treatment once

every three months.  PageID 80.  The ALJ appropriately found such conservative treatment in conflict with Plaintiff's "description of the severity of his limitations."  PageID 82.

## IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unavailing. The ALJ's decision is supported by substantial evidence and should be affirmed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED** on the Court's docket.

January 31, 2014                                             s/ Michael J. Newman
                                                             United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).