UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES PRITCHARD,

        Plaintiff,

-v-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        Defendants.

Case No.  3:13-cv-027

Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ENTRY AND ORDER OVERRULING PRITCHARD'S OBJECTIONS (Doc. #16) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #15); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS IN ITS ENTIRETY; AFFIRMING THE ALJ'S DETERMINATION THAT PRITCHARD WAS NOT UNDER A DISABILITY AND TERMINATING THIS CASE**

---

James Pritchard ("Pritchard") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On January 30, 2014, United States Magistrate Judge Michael J. Newman entered a Report and Recommendation (doc. #15) recommending that the Commissioner's decision that Pritchard was not disabled be affirmed. Pritchard subsequently filed objections. (Doc. #16.) The time has run and the Commissioner has not responded to Pritchard's Objections. This matter is, therefore, ripe for decision.

Pritchard sought financial assistance from the Social Security Administration by applying for Supplemental Security Income ("SSI") benefits in February of 2010. Pritchard claimed that he had been disabled since June 16, 2006, due to a number of mental impairments including

bipolar disorder.

The Commissioner denied Pritchard's application initially and on reconsideration. Administrative Law Judge ("ALJ") Mary F. Withum ("Withum") held a hearing following which she determined that Pritchard was not disabled. The Appeals Council denied Pritchard's request for review and ALJ Withum's decision became the Commissioner's final decision. Pritchard then appealed to this Court pursuant to 42 U.S.C. §405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #15) and in Pritchard's Objections (doc. #16), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court affirms the Commissioner's decision that Pritchard was not disabled in accordance with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a

matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939). Thus, the Commissioner has a "zone of choice" within which he or she can act without the fear of interference from the court. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F. 3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. As a result, Pritchard's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED. The Commissioner's decision that Pritchard was not disabled is AFFIRMED.  Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE and ORDERED** in Dayton, Ohio this Seventeenth Day of March, 2014.

                                              **s/Thomas M. Rose**
                                            _____
                                              THOMAS M. ROSE
                                      UNITED STATED DISTRICT JUDGE

Copies furnished to:  Counsel of Record